**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> HOLLAND ACQUISITIONS, INC., D/B/A HOLLAND SERVICES, a corporation; and BRYAN GAUDIN, individually, and as a Corporate Officer of HOLLAND ACQUISTIONS, INC., D/B/A HOLLAND SERVICES <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. _____ ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT**

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Secretary") brings this action to enjoin Defendants, HOLLAND ACQUISITIONS, INC., D/B/A HOLLAND SERVICES ("Holland") and BRYAN GAUDIN, individually, and as a Corporate Officer of Holland; collectively hereinafter referred to as "Defendants," from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Holland is a corporation with an office and place of business at 90 West Chestnut Street, Washington, PA 15301 within the jurisdiction of this Court. The company is headquartered in Fort Worth, TX and maintains offices in five different states. Holland provides title abstracting services to companies within the oil and gas industries.

III.

Defendant Bryan Gaudin is the Chief Operating Officer of Holland. Defendant Bryan Gaudin has actively controlled and managed Holland, regulated the employment of persons employed at Holland, acted directly and indirectly in the interest of the aforementioned corporation in relation to the employees, and is thus an employer of said employees within the meaning of Section 3(d) of the Act. Mr. Gaudin is partially responsible for Holland's policy of misclassifying its workers classified as Title Abstractors, Title Examiners, and Landmen as Independent Contractors and not paying the workers at issue in this matter a premium for overtime hours worked.

IV.

The business activities of Defendants, as described, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

V.

Defendants have employed and are employing employees in and about their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees engaging in interstate commerce between the corporation's Washington, PA and Fort Worth, TX locations, as well as Pennsylvania-based employees who

conduct work in Ohio. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

## VI.

Defendants have, since at least May 2013, repeatedly violated and continue to violate the provisions of Sections 7 and 15(a)(2) of the Act, by employing certain of their employees employed at the business and engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for certain workweeks longer than those prescribed by Section 7 of the Act without compensating said employees for their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were and are employed.

## VII.

Defendants' own pay records indicate that certain of their employees worked in excess of forty hours for certain workweeks. The overtime violations by Defendant resulted from but are not limited to the following practices:

a. Holland employed, among other positions, Title Abstractors, Title Examiners, and Landmen whose work collectively included research of land deeds to determine ownership of mineral rights, the writing and review of reports, and other tasks. These, and possibly other employees, were misclassified as independent contractors by the Defendants. As a matter of economic reality, the Title Abstractors, Title Examiners, and Landmen were dependent upon Holland for their employment and were employees under the Act. The Title Abstractors, Title

Examiners, and Landmen did not exhibit the characteristics necessary for independent contractor status, in that they had no capital investment in Defendants, they did not exhibit managerial skill and initiative in marketing or managing a business, they were subject to control by Defendants, they had no opportunity for profit or loss, and they rendered services integral to the Defendants' business.

  b.  Defendants' paid, and continue to pay, the Title Abstractors, Title Examiners, and Landmen a non-negotiable day rate pro-rated by hour for each hour of work reported, including those over 40 per week. Defendants do not pay their Title Abstractors, Title Examiners, and Landmen a premium for overtime hours worked.

## VIII.

Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that said Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to keep accurate employee time records during the time period from at least May 2013 through at least March 2014 and failed to post notices explaining the Act as required by 29 C.F.R. § 516.4.

## IX.

Since at least May 2013 through at least March 2014, Defendants have violated the provisions of the Act as alleged in paragraphs VI and VIII above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

X.

As a result of the violations alleged in paragraphs VI and VIII above, amounts are owing for Defendants' current and former employees including the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

XI.

A judgment granting recovery of said amounts, together with an additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

The Secretary further demands judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due to certain present and former employees listed in the attached Schedule A for the period from May 2013 through March 2014. Additional back wages and liquidated damages may also be owed to certain present and former employees listed in the attached Schedule A for violations continuing after March 2014. Additional back wages and liquidated damages also may be owed to certain present and former employees presently unknown to the Secretary for the period covered by this Complaint.

FURTHER, the Secretary prays that this Honorable Court award costs of this action in his favor.

Respectfully submitted,

M. Patricia Smith
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

s/ Jennifer L. McGraw
Jennifer L. McGraw
Attorney
PA ID #201183
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5133
(215) 861-5162 (fax)
mcgraw.jennifer@dol.gov

David J. Rutenberg
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5165
(215) 861-5162 (fax)

U.S. DEPARTMENT OF LABOR

David J. Hickton
United States Attorney

By: s/ Michael A. Comber
Michael A. Comber
Assistant United States Attorney
PA ID # 81951
U. S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219-1955
michael.comber@usdoj.gov

Attorneys for Plaintiff