IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) 2:15-cv-1094 |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| HOLLAND ACQUISITIONS, INC., d/b/a HOLLAND SERVICES, a Corporation; and BRYAN GAUDIN, Individually, and as a Corporate Officer of HOLLAND ACQUISITIONS, INC., d/b/a HOLLAND SERVICES, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 11th day of May, 2018, it is hereby ORDERED that Plaintiff's Motion for Reconsideration, ECF No. 135, is GRANTED IN PART AND DENIED IN PART as follows:

1. The Motion for Reconsideration[1] is GRANTED to the extent that this Court's Memorandum Order of October 18, 2017, ECF No. 133 ("October 18 Order"), is amended to strike the following language,[2] appearing as the last sentence of Paragraph 5:

---

[1] "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.' A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1998)).

[2] The Court concludes that requiring Plaintiff to disclose witnesses 90 days prior to the close of discovery is error in light of an intervening change in the law. In a separate case, this Court ordered disclosure of documents asserted to be protected by the "Informant's Privilege" slightly more than two months prior to the close of discovery. *Acosta v. Heart II Heart, LLC*, No. 17-cv-1242, 2018 U.S. Dist. LEXIS 34604 (W.D. Pa. Mar. 2, 2018) (ordering disclosure by March 12, 2018); Case Management Order, *Acosta v. Heart II Heart, LLC*, No. 17-cv-1242 (W.D Pa. Jan. 16, 2018) (ordering close of discovery for May 29, 2018). Our Court of Appeals recently ruled by Order that such disclosure was premature. *In re Acosta*, No. 18-1566 (3d Cir. Mar. 27, 2018). The Court of Appeals did not articulate specifically when the

>A date will be set falling at least ninety (90) days prior to the close of fact discovery (to be set by further Order of the Court) for the Plaintiff to make its designation of its trial/summary judgment witnesses, representative claimants, and/or exhibits in order to allow such disclosures.

2. In all other respects, the Motion for Reconsideration is denied. The remainder of the October 18 Order remains the Order of this Court.

It is further Ordered that a status conference will be set by further Order approaching the close of discovery where the Court can appropriately schedule when and how witness disclosures will occur and whether Defendants will be entitled to re-open discovery as to such matters.[3]

Mark R. Hornak
United States District Judge

cc: all counsel of record

---

appropriate time for disclosure should be, only that two (2) months prior to the close of discovery was not. In light of the reality that the deadline for disclosure set in this case was sooner than the deadline in *Heart II Heart*, this Court concludes the deadline in this case must be changed.

[3] In order to properly balance the privilege with the Defendants' right to prepare a defense for trial, the Court will wait to make such a decision involving the disclosures involved here until the parties are closer to completing their fact discovery and the Court has a better preview of coming attractions in this lawsuit. *See Brock v. DialAmerica Mktg., Inc.*, No. 81-4020, 1986 WL 28913 (D.N.J. Oct. 15, 1986). In consideration of the briefs submitted by the parties, ECF Nos. 136 and 146, and oral argument held on the matter, the Court concludes the best course of action for now is a "one-step-at-a-time" approach. The principle purpose of the October 18 Order was to resolve the dispute of whether Defendants' request for certain discovery was barred by the Informant's Privilege and whether the Defendants could overcome their burden to show that their need for the information *at that time* was essential to a fair determination of this case. *See* Oct. 18 Order, ECF No. 133. Thus, this Order is consistent with the Court's ruling that the Defendants did not meet their burden at that point and that the Motion to Compel be denied. The Court cannot predict the exact moment that the Defendants may meet their burden, so no such "disclosure deadline" will be set at this time. But, the Court can also confirm its assessment made at oral argument on the underlying motions—the Court does not plan on permitting only "eleventh hour" unredacted witness disclosures by Plaintiff for trial, and the Court believes that if Defendants make a well-supported Fed. R. Civ. P. 56(d) assertion as to any summary judgment declarations of persons Plaintiff considers to be "informants," it may compelled to permit non-redacted disclosures and/or depositions or other discovery of the declarants.