IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>HOLLAND ACQUISITIONS, INC., d/b/a HOLLAND SERVICES, a Corporation; and BRYAN GAUDIN, Individually, and as a Corporate Officer of HOLLAND ACQUISITIONS, INC., d/b/a HOLLAND SERVICES,<br><br>Defendants. | 2:15-cv-1094 |

## OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Defendants Holland Acquisitions, Inc. ("Holland") and Bryan Gaudin's (collectively, "Defendants") Motion to Partially Dismiss the Third Amended Complaint. (Mot., ECF No. 167.) Defendants seek to narrow the case by limiting claims that are allegedly beyond the scope of the latest Complaint and allegedly beyond the applicable statute of limitations. For the reasons that follow, the Motion is granted in part and denied in part.

### I. Background

This lawsuit arises out of alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The claims center around Holland's alleged improper classification of abstractors, title examiners, and landmen as independent contractors and Holland's resulting failure to properly compensate such individuals for overtime worked. (Op., ECF No. 131, at 1.)

The Secretary of Labor (the "Secretary") filed the initial complaint on August 20, 2015, including claims brought pursuant to Section 16 of the FLSA, 29 U.S.C. § 216, and pursuant to Section 17 of the FLSA, 29 U.S.C. § 217. (Compl., ECF No. 1 ("Initial Complaint").) The Initial Complaint also included an attached list of 89 specific individuals, intended to represent a list of Holland's then-current and former employees to whom the Defendants allegedly owe unpaid overtime wages on account of the pled FLSA violations. (Initial Compl. ¶ X.) That list will be referred to as Initial Schedule A. (ECF No. 1-1.)

The First Amended Complaint, filed November 13, 2015, added additional allegations to the pleading, including allegations of willful FLSA violations. (First Am. Compl., ECF No. 21.) The Second Amended Complaint expanded the Secretary's prayer for relief and further defined the collective of allegedly misclassified individuals. (*See* Pl.'s Mot. for Leave, ECF Nos. 44, at 1; 2d Am. Compl, ECF No. 57.)

On July 7, 2017, the Secretary filed another motion for leave to amend his pleading, in which he sought to amend Initial Schedule A to include an additional 800 named individuals. (Pl.'s Mot. to Amend the Schedule A, ECF No. 105.) The Court thereafter granted that motion for leave to file such a pleading, and the Secretary filed the Third Amended Complaint (essentially, the Second Amended Complaint with the Amended Schedule A) on May 18, 2018. (ECF Nos. 132, 166.) The Third Amended Complaint was filed months after the Court granted the Secretary leave to amend because the Secretary had first filed the Amended Schedule A as a stand-alone document and out of compliance with the Court's October 18, 2017, Order, prompting Defendants to file a Motion to Strike the Amended Schedule A, which the Court granted. (ECF Nos. 132, 144.) The "Amended Schedule A" filing was stricken, and the Secretary was Ordered to re-file it as part of a Third Amended Complaint. (ECF No. 165.) The Amended Schedule A that was then eventually

filed as part of a Third Amended Complaint consisted of only 766 individuals. (ECF No. 172, at 6.)

The Third Amended Complaint (the operative Complaint), as relevant to Defendants' Motion, alleges the following:

> VI. Defendants have, since at least May 2012, willfully and repeatedly violated and continue to willfully violate the provisions of Sections 7 and 15(a)(2) of the Act, by employing certain of their employees employed at the business and engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for certain workweeks longer than those prescribed by Section 7 of the Act without compensating said employees for their employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were and are employed.
>
> VII. Defendants' own pay records indicate that certain of their employees worked in excess of forty hours for certain workweeks.
>
> VIII. Defendants have willfully and repeatedly violated, and continue to willfully violate, the provisions of Sections 11(c) and 15(a)(5) of the Act in that said Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to keep accurate employee time records during the time period from at least May 2012 through to the present and failed to post notices explaining the Act as required by 29 C.F.R. § 516.4.
>
> IX. Since at least May 2012 through to the present, Defendants have willfully and repeatedly violated the provisions of the Act as alleged in paragraphs VI and VIII above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

(ECF No. 166 ¶¶ VI–VIII.) Defendants filed the pending Motion with an accompanying brief. (ECF Nos. 167, 168.) The Secretary responded (ECF No. 172), and then Defendants replied (ECF No. 175).

3

## II. <u>Legal Standard</u>

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining upon whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Our Court of Appeals has instructed that "a court reviewing the sufficiency of a complaint must take three steps," *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016), explaining:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

4

*Connelly*, 809 F.3d at 786–87. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017). *See also Connelly*, 809 F.3d at 789.

### III. <u>Discussion</u>

Defendants by their Motion seek to narrow this case in three ways. First, Defendants argue that Amended Schedule A is now the one and final list of individuals for whom the Secretary may seek monetary relief. (Defs.' Br. in Supp., ECF No. 168, at 9.) In other words, Defendants ask the Court to dismiss the claims for monetary relief in the Third Amended Complaint with respect to any individual not specifically identified in Amended Schedule A. (*Id.*) Second, Defendants argue that the Amended Schedule A is over-inclusive because it includes individuals who do not meet the claimant criteria as described in the Third Amended Complaint. Defendants ask the Court to trim down Amended Schedule A by dismissing the Secretary's claims for an unspecified group of claimants whom they contend do not meet the description set forth in the Third Amended Complaint. (*Id.*) Third, Defendants argue that because the Secretary failed to sufficiently allege willfulness in the Third Amended Complaint, the statute of limitations for claims on behalf of all remaining claimants must necessarily be two years and could not be three years. Defendants ask this Court to dismiss all claims that accrued more than two years before the respective filings of the two schedules. (*Id.* at 1.)

5

### A. Limiting the Universe of Section 16(c) Claimants to Those Named on Amended Schedule A

Defendants argue that the Third Amended Complaint, as is, can be fairly read as enabling the Secretary to pursue "monetary relief" for individuals not named on Amended Schedule A. Their brief directs the Court to the Third Amended Complaint's request for the following relief:

> Additional back wages and liquidated damages may also be owed to certain present and former employees **presently unknown to the Secretary** for the period covered by this Complaint, and the Secretary demands judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to such **employees who are not currently listed on the Schedule A** for the period from May 2012 through to the date of judgment.

(ECF No. 166 ¶ XI (emphasis added).)

Defendants ask the Court to dismiss these claims with respect to "employees who are not currently listed on the [Amended] Schedule A" (*id.*), which would bar the Secretary from adding more claimants at a later date. They make three arguments in support of this position: (1) the FLSA prohibits recovery of unpaid overtime and liquidated damages for individuals not specifically identified in the Complaint, (2) the Secretary has stipulated that the Amended Schedule A is the final list of claimants and no more will be added, and (3) the Secretary has waived opposition by failing to respond to this argument in his brief opposing the Motion. (ECF No. 168, at 9; ECF No. 175, at 8–9.)

As an initial matter, the Court finds it necessary to reconcile what Defendants argue in their briefs and what they ask for in the Proposed Order attached to the Motion. (*See* ECF No. 167-1.) Defendants' briefs specifically attack claims for "monetary relief of yet-to-be-identified individuals," with a citation to Section 16(c). (ECF No. 168, at 9.) The Proposed Order seeks dismissal of "*all* claims on behalf of any [yet-to-be-identified individual]." (ECF No. 167-1, at 2 (emphasis added).) The two requests are different because the latter iteration incorporates the

Secretary's claims for injunctive relief, which is available under Section 17. Section 16(c), on the other hand, address "monetary relief," i.e. damages.[1] Based on the Defendants' citations to Section 16 (but not Section 17), ECF No. 168, at 9, and portions of the hearing transcripts discussing Section 16 relief, ECF No. 139, at 44:15-18; 71:25-72:3, the Court construes Defendants' Motion to be seeking dismissal of claims for monetary relief of yet-to-be-identified individuals under Section 16 and not dismissal of any claims for injunctive relief under Section 17. Turning to Defendants' arguments, the Secretary indeed failed to respond to the request for dismissal in its brief in opposition to the Motion.[2] Therefore, the Court considers dismissal of such claims as unopposed. *See Lawson v. Barger*, No. 17-cv-97, 2018 U.S. Dist. LEXIS 176857, at *7 n.2 (W.D. Pa. Oct. 12, 2018) (plaintiff's failure to respond to an argument in his opposition brief to a motion to dismiss leads the Court to conclude that plaintiff either abandoned such a claim or did not intend

---

[1] As the Fifth Circuit Court of Appeals explained:
> Section 16(c) authorizes the Secretary to recover back wages as well as liquidated damages on behalf of those employees specifically named in a complaint. The filing of such a suit under this section terminates the rights of any employees to become party plaintiffs pursuant to a § 16(b) action. Section 17, on the other hand, allows the Secretary through the Courts to seek broad injunctive relief as well as back wages for all affected employees without any requirement that they be specifically named in the complaint.

*Donovan v. Univ. of Tex.*, 643 F.2d 1201, 1204 (5th Cir. 1981). There appears to be some confusion between the parties as to whether restitution of backpay wages is an available form of relief under Section 17, but that issue is not properly before the Court at this time. *Compare Donovan*, 643 F.2d at 1206 ("Section 17 expressly emphasizes restraining violations of the FLSA, . . . although the Court is not foreclosed statutorily in ordering restitution of backpay wages in a proper case."), *with Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir. 1988) ("[T]he Secretary may sue under section 17, 29 U.S.C. § 217 (1982), for injunctive relief, including an injunction against the withholding of previously unpaid minimum or overtime wages.").

[2] At the very end of the August 6, 2018, telephone status conference, counsel for the Secretary sought to clarify its position that Section 17 claims, and any relief for back wages provided therein, have always existed in this case and were never waived. (ECF No. 182.) The discussion here only relates to the Section 16(c) claims, as the Court has already explained. Any claim for relief sought under Section 17 is unaltered by this section of the Court's Opinion.

7

to assert such a claim); *Tambasco v. U.S. Dep't of Army*, 2018 WL 1203466, at *2 (M.D. Pa. Mar. 8, 2018) (dismissing claims as unopposed when plaintiff failed to respond to arguments by defendants in their motion to dismiss); *Lada v. Del. Cty. Cmty. Coll.*, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motions to dismiss granted as uncontested.").

Furthermore, the Court agrees with Defendants that the Secretary stipulated (at multiple times) at the August 15, 2017, hearing that the Amended Schedule A confines the final universe of claimants for whom the Secretary seeks damages:

> THE COURT: So my question of you is if I let you amend - file a Third Amended Complaint with a new Schedule A, would the DOL be seeking relief on people who aren't on the new Schedule A?
> ATTORNEY FOR SECRETARY: No, Your Honor. We wouldn't be seeking *damages* for people who were not on the Schedule A, *but we would be seeking injunctive relief* preventing violations against other -
> . . . .
> THE COURT: But in terms of retrospective *monetary relief*, you're not seeking it for anybody who's not on whatever the operative Schedule A is? Is that correct?
>
> ATTORNEY FOR SECRETARY: That's correct, Your Honor.

(Tr. of Proceedings, ECF No. 139, 16:8–15, 44:15–19 (emphasis added).) The Court takes the Secretary at his word. All claims for monetary relief available under Section 16(c) on behalf of unnamed individuals not listed in Amended Schedule A are dismissed.

### B. Limiting Amended Schedule A to Those Meeting the Description in the Pleading

Defendants next seek to pare down the list of individuals on Amended Schedule A on the basis that it includes individuals who do not meet the Third Amended Complaint's own definition of eligible claimants. (ECF No. 168, at 8.) The Third Amended Complaint "seek[s] relief for all

8

employees working as Title Abstractors, Title Examiners, and Landmen who were misclassified as independent contractors and who worked within the State of Pennsylvania since May 2012 and/or who worked within the territory covered by the Regional Office in Washington, Pennsylvania since May 2012." (ECF No. 166 ¶ II.) Defendants claim that a number of the claimants identified in Amended Schedule A do not meet that definition. (ECF No. 168, at 8.) However, there is a problem with this argument. Defendants do not divulge which claimants those are, and the Court is not a mind reader. The Court is therefore simply in no position to craft any Order granting this portion of the Motion, even if it is arguably meritorious. The Secretary is correct that this is not a dispute that is resolvable on this motion to dismiss because the Court cannot discern from the face of the Third Amended Complaint whether certain unspecified names meet the definition.[3] The Court will deny the motion to dismiss without prejudice with respect to the list of names on Amended Schedule A.[4]

---

[3] Defendants must wait to attack each claimant's right to relief until it is armed with facts showing the unavailability of relief. Defendants' case cites do not lend support to Defendants' position that this Court can issue an order dismissing the Secretary's claims with respect to unidentified individuals. *Perez v. Davis Design & Development, Inc.* simply held that claims arising more than two years before the filing of the complaint are barred by the statute of limitations in light of the government's lack of willfulness allegations. No. 13-cv-1118, 2013 WL 6835095, at *6 (W.D. Pa. Dec. 23, 2013). *Acosta v. Valley Hotel* actually supports the Secretary's position, as it notes that, at the motion to dismiss phase, a plaintiff need not identify specific dates and times that she worked overtime. No. 4:17-CV-00113, 2017 WL 6311852, at *3 (M.D. Pa. Dec. 11, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014). Applying that rule here, each person identified on Amended Schedule A need not be accompanied by affirmation that the individual meets the definition set forth in the pleading itself. The Court accepts the factual allegation as true that each name in Amended Schedule A matches the description set forth in the pleading. *Iqbal*, 556 U.S. at 679.

[4] Defendants have repeatedly made broad arguments about the eligibility of the individuals on Amended Schedule A without pointing to any specific names or details. (*See e.g.*, Op., ECF No. 131, at 10–11.) Even now, Defendants do not point to any facts from which the Court could evaluate their argument (and evaluating such facts outside the pleadings would, of course, be inappropriate on a motion to dismiss), leading the Court to wonder whether this barking dog has any bite. But the Court has also previously cautioned the Secretary's counsel that if Amended

## C. Limiting Claims Based on FLSA Statute of Limitations

Defendants argue that because the Secretary failed to sufficiently allege willfulness in the Third Amended Complaint, the statute of limitations for claims on behalf of all remaining claimants must be two years, not three years. An action to enforce any cause of action for unpaid overtime compensation must be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation must be commenced within three years. 29 U.S.C. § 255(a); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1296 (3d Cir. 1991). In order to determine the applicable statute of limitations (i.e. two years or three years), the Court must decide whether the Secretary has sufficiently pled willfulness.

Our Court of Appeals has recognized that a district court may consider whether a claim is barred by the statute of limitations in the context of a motion to dismiss where the viability of that defense may be discerned from the Complaint itself, i.e., where the facts as pled demonstrate that the claim was not timely filed. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

> The issue of willfulness in the FLSA context is typically appropriate for resolution after the Motion to Dismiss stage, once there has been an opportunity for fact development. Of course, to survive a Motion to Dismiss and merit fact discovery on the issue of willfulness, the Complaint must allege facts to plausibly state a willful FLSA violation in the first instance.

*Livers v. NCAA*, No. 17-cv-4271, 2018 U.S. Dist. LEXIS 124780, at *13 (E.D. Pa. July 25, 2018) (citing *Pignataro v. Port Auth. of N.Y. and N.J.*, 593 F.3d 265, 273 (3d Cir. 2010) (internal quotation omitted)).

---

Schedule A "were to include names ... for whom relief was plainly not available due to the passage of time or otherwise, Plaintiff would be in some pretty hot water with the Court." (*Id.* at 11 n.2.) Therefore, should Defendants seek to raise this issue again, the parties must meet and confer prior to filing any motion (related to this issue) with the Court to attempt to resolve the issue.

Courts within our Circuit have addressed the pleading requirement for willfulness at length. "Where a plaintiff alleges willful violation of the FLSA, 'the Court must look at the underlying factual allegations in the complaint to see if they could support more than an ordinary FLSA violation.'" *Garcia v. Tenafly Gourmet Farms, Inc.*, No. 11-cv-6828, 2012 U.S. Dist. LEXIS 28649, at *6 (D.N.J. Mar. 1, 2012) (quoting *Mell v. C&S Wholesale Grocers, Inc.*, 2010 U.S. Dist. LEXIS 68269, at *12 (D.N.J. July 8, 2010)). "An employer's conduct is 'willful' under the FLSA if it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute . . .[ .]'" *Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "An employer's awareness of possible violations of the FLSA, together with an 'indifference toward the requirements imposed' by the statute supports a finding of willfulness.'" *Id.* (quoting *Antoine v. KPMG Corp.*, 2010 U.S. Dist. LEXIS 1907, at *20 (D.N.J. Jan. 6, 2010)); *see also Livers v. NCAA*, No. 17-cv-4271, 2018 U.S. Dist. LEXIS 83655, at *26 (E.D. Pa. May 17, 2018); *Ochoa v. Pearson Educ., Inc.*, No. 11-cv-1382, 2012 U.S. Dist. LEXIS 3802, at *8 (D.N.J. 2012).

The Secretary largely distinguishes these cases on the basis that they neglect to incorporate Federal Rule of Civil Procedure 9(b) into their analyses and thus overstate the pleading requirement for willlfulness. (ECF No. 172, at 8–10.) Rule 9(b) states that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Secretary, therefore, argues that alleging willfulness without pleading specific facts showing the employer's state of mind should survive a 12(b)(6) challenge. *See Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299–1300 (10th Cir. 2018); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902–03 (9th Cir. 2013).

As this Court recently stated in *Smeltzer v. Eaton Corporation*, "[w]illfulness is akin to intentionality because it 'requires a deliberate effort more than mere negligence.'" No. 17-cv-843,

11

2018 U.S. Dist. LEXIS 122012, at *7 (W.D. Pa. July 20, 2018) (quoting *Brock v. Richland Show Co.*, 799 F.2d 80, 82 (3d Cir. 1986)). In this Circuit, the failure "to allege any facts from which the court could plausibly infer willfulness" will result in dismissal of FLSA claims beyond the two-year statute of limitations. *Id.* The only factual allegation present in the Third Amended Complaint is that "Defendants' own pay records indicate that certain of their employees worked in excess of forty hours for certain workweeks." (ECF No. 166 ¶ VII.) Yet, the crux of the Secretary's claim is that the "employees" were improperly classified as independent contractors. There are no factual allegations that Defendants' had any knowledge or acted willfully in violating the FLSA by not paying overtime to people it had unlawfully classified as independent contractors. However, the Third Amended Complaint also does not fail to allege willfulness in any fashion whatsoever,[5] so it cannot be said that the Secretary has, at this juncture, literally pled himself out of Court with respect to claims of willful violations, but he has come ever so close. *DeForte v. Borough of Worthington*, No. 2:16-cv-00067, 2017 U.S. Dist. LEXIS 86384, at *58 (W.D. Pa. June 6, 2017) ("[A] plaintiff may plead himself out of court by alleging facts that are sufficient to establish the limitations defense on the face of the complaint.").

At the same time, the reality is that this case is now in its third year of litigation (to say nothing of the pre-suit events between the parties) and has involved three (3) prior Complaints, and yet this is the first time that Defendants have challenged the lack of heft to the allegations of willfulness. Based on the Secretary's pleadings—albeit very light on the facts—it would not be appropriate to dismiss the claim of willfulness as a matter of law at this point. At the same time, the lack of such factual allegations presents real hurdles for Defendants, who must respond to the

---

[5] But this is yet another situation in which the Secretary and his lawyers have seemingly sought to plead or disclose as little as possible support of what they say is a strong case.

12

Third Amended Complaint. Therefore, the Court will deny the Motion to Dismiss with respect to Defendants' willfulness argument without prejudice, subject to the Secretary filing a more definite statement making out the plausible factual basis for its willfulness allegations. As our Court of Appeals stated in *Thomas v. Independence Township*:

> Even when a defendant has not formally expressed the need for a definite statement, the district court has the discretion to order a more definite statement, in observance of the Supreme Court's mandate to facilitate an early resolution . . . [and] avoid a waste of judicial resources. *See Crawford-El v. Britton*, 523 U.S. 574, 600–01 (recognizing the district court's broad discretion to utilize civil procedures in a manner that is useful and equitable to the parties); *see also* Fed. R. Civ. P. 1 ("The[] [rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.").

463 F.3d 285, 301–02 (3d Cir. 2006). Both parties and the resources of this Court will benefit from this case thereby moving out of the pleading phase. Given that Defendants have waited this long to attack the willfulness allegations, the Court sees no prejudice to either party in proceeding in this manner. Upon review of the more definite statement, Defendants may reassert their Motion with respect to the sufficiency of the willfulness allegations.

### D. Calculating the FLSA Statute of Limitations

The parties also disagree on how the statute of limitations should be calculated. Defendants argue that the Court must conduct separate statute of limitations calculations for the 89 individuals named on Initial Schedule A and then as to the 677 individuals added in Amended Schedule A. (ECF No. 168, at 1.) The Secretary disagrees, arguing that because there has always been a Section 17 claim in this case, all the claimants' back wage claims are deemed to have commenced when this suit was initially filed, regardless of when each individual was named. (ECF No. 172, at 11.)

Section 16(c) enables the Secretary to "bring an action . . . to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages." *Sec'y U.S. Dep't of Labor v. Am. Future Sys.*, 873 F.3d 420, 433 n.72 (3d Cir. 2017). Additionally,

13

"Section 16(c) requires the identification of an individual claimant in the complaint to stop the running of the statute of limitations period." *EEOC v. Westinghouse Elec. Corp.*, 725 F.2d 221, 221 (3d Cir. 1983). In other words, Section 16 "distinguishes between the filing of a complaint and the commencement of an action." *Marshall v. Gilbarco, Inc.*, 615 F.2d 985, 990 (4th Cir. 1980).

On the other hand, "[a]n action commenced under Section 17 is commenced for all purposes when the complaint is filed and the individual employees for whom relief is sought need not be named in the complaint." *Westinghouse Elec. Corp.*, 725 F.2d at 221 (citing *Gilbarco*, 615 F.2d at 990). As the Fourth Circuit has held, the special commencement rule of Section 16(c) is wholly distinct from Section 17. *Gilbarco*, 615 F.2d at 990–91. In *Gilbarco*, the question was whether a claim for relief exclusive to § 16(c) "infected the entire action with the special requirements of § 16(c)." *Id.* Here, the Secretary makes the inverse argument, that the Section 17 claim infects the entire action and wipes out the special commencement rule of § 16(c). This Court follows the approach in *Gilbarco* to the extent that the Secretary makes a claim under Section 16(c). In other words, the statute of limitations will be calculated separately for Section 16(c) and Section 17 claims.

### 1. Section 17

With respect to the Section 17 claim, the Secretary is correct that this claim is deemed to have commenced upon the filing of the first Complaint, August 20, 2015. (ECF No. 1.) The Secretary also states that the parties entered into a Tolling Agreement to move that "commencement" date further back to May 22, 2015. (ECF No. 172, at 2.) Defendants appear to dispute either the fact of, or the application of, that agreement. (ECF No. 175, at 1 ("[T]he Secretary has presented no evidence to support this assertion [that the parties entered into a tolling

14

agreement].")·) A "Tolling Agreement" was filed on the docket on July 2, 2018 (after Defendants filed their reply brief in support of their Motion), and it bears the signature of a counsel for the Defendants. (ECF No. 176.)[6] Thus, it appears that if there is a dispute, it is as to what the Agreement means, since at the August 8, 2018, telephone status conference, Defendants did not disclaim the validity of the agreement and argued that the Tolling Agreement was bargained for with the understanding that this case would be limited to only 89 individuals.

That dispute has now transcended beyond the pleadings themselves, and the Court cannot resolve it on the pending Motion to Dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (On motions to dismiss, courts must only consider allegations contained in the complaint, exhibits attached to the complaint, matters of public record, and "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."). The Motion will be denied without prejudice with respect to the statute of limitations defense (including as to the "start date" of the filing) pertaining to Section 17 claims. If either party seeks to assert that it had a recognized "deal" as to the May 2015 date (or as to the scope of the asserted claims) that the other has now breached, the Court will conduct an evidentiary hearing as to such matter.

### 2. Section 16(c)

With respect to the Section 16(c) claims, the statute directs that the claims on behalf of individuals named on the Initial Schedule A, appearing on the docket at ECF No. 1, are deemed to have commenced on the date that this case was filed, August 20, 2015. 29 U.S.C. § 216(c). Of

---

[6] The document filed at ECF No. 176 facially appears to be regular in form, executed by representatives of the parties here, so the Court is at a loss to understand the basis for the Defendants' contentions in its reply brief that there is no tolling agreement in existence.

15

course, this does not take into account any tolling agreement that may apply, and, as noted above, the Court cannot decide that matter here and now.

The timeliness of claims on behalf of individuals named on the Amended Schedule A requires more discussion. Defendants argue that because the statute specifically directs that the commencement date is the date on which the individual's name is added as a party plaintiff, or when their name appears on the "schedule," the filing date of May 18, 2018, applies, as that was when the Secretary filed the Amended Schedule A as an attachment to a Third Amended Complaint. (ECF No. 175, at 5–6.) The Secretary advances a number of arguments aimed at moving that date earlier.

The Court has already addressed why the presence of a Section 17 claim does not alter the Section 16(c) claim's statute of limitations calculation. The Secretary argues that the commencement date for the Section 16(c) claims on behalf of names added via the Amended Schedule A should be the date of filing of the Motion for Leave to Amend Schedule A, which was July 7, 2017, and had included an attached "Proposed Amended Schedule A." (ECF No. 172, at 13; ECF No. 105-1.)[7] To support this argument, the Secretary cites to *Bradley v. Armstrong Rubber Co.*, 46 F. Supp. 2d 583, 586 (S.D. Miss. 1999) (citing *In re Glacier Bay*, 746 F. Supp. 1379 (D. Alaska 1990)), and *Longo v. Pennsylvania Elec. Co.*, 618 F. Supp. 87, 90 (W.D. Pa. 1985), *aff'd*, 856 F.2d 183 (3d Cir. 1988). In *Longo*, the Court held that "[t]he timely filing of this Motion to

---

[7] This Court will not accept the Secretary's invitation to consider in any way, shape, or form the date in which any version of the Amended Schedule A was filed on the docket in the dismissed lawsuit against Robert Gaudin, No. 17-cv-366 (W.D. Pa.). Not only were neither of the Defendants here named in that lawsuit, but the Court has repeatedly admonished the Secretary for seeking to use "the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." (Op., at 5, ECF No. 17, Docket No. 17-cv-366 (W.D. Pa.).)

16

Amend and not the final court approval was sufficient to meet the requirement of Fed. R. Civ. P. 3 that 'a civil action is commenced by the filing of a complaint with the court.'" *See also Fallen v. City of Newark*, No. 15-cv-2286, 2017 U.S. Dist. LEXIS 10433, at *20 (D.N.J. Jan. 24, 2017) ("Courts have held that claims in an amended complaint are deemed filed, for purposes of the statute of limitations, when the motion to amend is filed.").

The *Longo* approach fits here.[8] Although Section 16(c) incorporates a special commencement rule that differs from the traditional commencement rule in Federal Rule of Civil Procedure 3, the logic that the timely filing of a motion to amend, rather than the Court's granting date or actual filing date, is the more equitable approach with respect to the statute of limitation in this specific case. The length of time it took the Court to adjudicate the motion is attributable to numerous factors, not all within either party's control. The very fact that the Secretary had to file a motion for leave as opposed to merely updating the Schedule A is a product of the Rules of Civil Procedure, not the statute. Thus, equitably tolling the "commencement date" in this case for Amended Schedule A to the date that the Secretary filed his Motion for Leave does not offend Section 16(c). Therefore, at this juncture, the Court concludes that the commencement date for the Section 16(c) claims on behalf of individuals added via the Amended Schedule A is July 7, 2017.[9]

The Secretary's last argument with respect to equitable tolling is that the Section 16(c) claim should benefit from equitable tolling on the basis that Defendants' counsel actively

---

[8] The Motion before the Court included the Defendants' request that the commencement date (for the Section 16(c) claims on behalf of individuals added on the Amended Schedule A) be set at May 18, 2018. The Secretary opposed that date and argued for July 7, 2017. (ECF No. 172, at 13.) The Defendant filed a reply, contesting that position. (ECF No. 175, at 4.) Therefore, the issue of the commencement date for Section 16(c) purposes is squarely teed up for decision.

[9] The Court does not take into account one way or another any tolling agreement in setting this particular commencement date.

17

concealed the identities of employees by refusing to produce evidence about them. (ECF No. 172, at 14.) The Secretary, via his brief in opposition, asks the Court to further toll the filing date of the Amended Schedule A from May 18, 2018, back to February 23, 2016, on that basis. (ECF No. 172, at 14.)

In order to benefit from the doctrine of equitable tolling on a motion to dismiss, the Secretary must "*plead* the applicability of the doctrine." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994) (emphasis added). The Secretary does not rely on allegations in its Third Amended Complaint to show the applicability of "extra" equitable tolling and instead seeks, essentially, sanctions in the form of equitable tolling for Defendants' counsel's alleged conduct during discovery. Because the Secretary's argument relies entirely on issues unrelated to the pleading, the Secretary must find another procedural vehicle for advancing his equitable tolling argument, and not its opposition to this Motion. *See, e.g.*, *Hunt v. McKesson Corp.*, No. 2:16-cv-1834, 2018 U.S. Dist. LEXIS 145733, at *13 (W.D. Pa. Aug. 28, 2018). Otherwise, the Court would have to go beyond the pleadings themselves and turn to matters outside the existing record in the case. (*See, e.g.*, ECF No. 172, at 14 ("Defendants' counsel has actively concealed the identities of these employees by refusing to produce evidence about them.").) On this record and at this procedural juncture, the Court is in no position to so proceed. This result is without prejudice to the Secretary reasserting this argument at the appropriate time in an appropriate fashion.

Finally, the Secretary argues that Federal Rule of Civil Procedure 15(c), the "relation back of amendment rule," applies to the Secretary's Section 16(c) claim for liquidated damages, and such claim should relate back to the filing of the Initial Complaint. (ECF No. 172, at 15.) As noted above, Section 16(c) authorizes the recovery of both unpaid wages and liquidated damages. 29

18

U.S.C. § 216(c). The Secretary's procedural-based argument goes against the plain language of the statute. First, the statute authorizes recovery of "the amount of unpaid minimum wages or overtime compensation and *an equal amount* as liquidated damages." 29 U.S.C. § 216(c) (emphasis added). Bifurcating the commencement date for the claim for unpaid wages and the claim for liquidated damages would likely result in unequal amounts, but "[i]n no case may the trial judge award liquidated damages greater than the amount of underlying back pay liability." *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1063 (2d Cir. 1988). Furthermore, Section 16(c)'s unique "commencement" provision controls over Rule 15(c). *See Wirtz v. W. G. Lockhart Constr. Co.*, 230 F. Supp. 823, 828 (N.D. Ohio 1964) ("Section 16(c) itself is even more specific regarding the statute of limitations . . . contrary to the general principle of the relation back provided for in Rule 15(c) of the Federal Rules of Civil Procedure."); *see also La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (holding that the Federal Rules of Civil Procedure "cannot be invoked to circumvent" clear statutory requirements). The Secretary's argument that Defendants were on notice that more employees may also be owed back wages for the same alleged practice would logically apply in every case where more individuals are added as a case proceeds, so it does not help matters here. To allow relation back under Rule 15(c) to the Initial Complaint (where those individual employees were not then named) would simply consume Congress's unambiguous special commencement provision of Section 16(c) in every case. The Secretary cites to no case that applies Rule 15(c) relation back to added names for a Section 16(c) claim for liquidated damages,[10] and the Court is unaware of such a case.

---

[10] *Ewer v. United States*, 63 Fed. Cl. 396, 397 (2004), was a case filed by employees and not the Secretary, so Section 16(c) (with its unique "commencement rule") was not at issue. Furthermore, the court supported it relation back holding (which was based on the Rules of the United States Court of Federal Claims) with the fact that the defendants did not respond to the relation back argument. *Id.* at 397.

In sum, while the relation back doctrine is not available to the Secretary, he has advanced other arguments that necessitate denying the Motion as filed on the issue of statute of limitations. For claims for monetary relief brought pursuant to Section 16(c) on behalf on individuals first named on the Amended Schedule A, the commencement date will be July 7, 2017. All other or further statute of limitations calculations will be appropriately resolved at the motion for summary judgment phase or at trial.

## IV. Conclusion

For the foregoing reasons, the Motion to Dismiss the Third Amended Complaint, ECF No. 167, is granted in part and denied in part. An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: November 29, 2018.
cc: All counsel of record