IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MILTON AL STEWART, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR )<br>)<br>)<br>) | |
| Plaintiff, ) | 2:15-cv-01094 |
| ) | |
| v. ) | |
| ) | |
| HOLLAND ACQUISITIONS, INC., D/B/A HOLLAND SERVICES, AND BRYAN GAUDIN, )<br>)<br>)<br>) | |
| Defendants. | |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

On February 8, 2021, Defendants filed a "Suggestion of Bankruptcy," giving notice to the Court that on February 4, 2021, Defendant Holland Acquisitions, Inc. "filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code" and suggesting that "the automatic stay provisions of section 362 of the Bankruptcy Code apply to the instant case by operation of the filing of this Voluntary Petition," as to both Defendants. (ECF No. 250.) The Court directed the parties to file statements of position as to what they believed the impact, if any, the Suggestion of Bankruptcy would have on this Court's proceedings, which the parties timely filed. For the reasons that follow, the Court denies Defendants' Suggestion of Bankruptcy to the extent that it suggests that the automatic stay provision of 11 U.S.C. § 362(a) applies to this action. The Court concludes that this proceeding falls within § 362(b)(4)'s police and regulatory power exception to the automatic stay and will thus proceed in this Court.

1

## I. BACKGROUND

In determining the impact, if any, of Holland Acquisitions, Inc.'s voluntary bankruptcy petition on this case, the Court pulls the pertinent facts from (1) the Secretary of Labor's Second Amended Complaint (ECF No. 57) and (2) from the parties' subsequent briefing discussing the automatic stay's applicability. (ECF Nos. 252 and 253.) As a brief background, the Secretary of Labor alleges that Defendants repeatedly and willfully violated provisions of the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201 *et seq.*, by failing to compensate employees for overtime work in violation of §§ 7 and 15(a) of the FLSA and by failing to preserve adequate records of its employees as well as the wages, hours, and other conditions of employment in violation of §§ 11(c) and 15(a)(5). The Secretary seeks to enjoin Defendants pursuant to § 17 of the FLSA and further requests that the Court enter judgment against Defendants in the form of back wages and liquidated damages under § 16(c).[1]

## II. DISCUSSION

When a party files for bankruptcy, an automatic stay is triggered under 11 U.S.C. § 362(a)(1). Congress, however, carved out several exceptions that limit the automatic stay's reach, one of which is the police and regulatory power exception outlined in § 362(b)(4). Sections 362(b) and (b)(4) provide, in relevant part, as follows:

> The filing of a petition . . . does not operate as a stay . . .of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power[.]

---

[1] Under the FLSA, as amended, 29 U.S.C. § 201 *et seq.*, the FLSA sections relied upon in the Secretary's enforcement action in this case, namely §§ 16(c) and 17, are synonymous with the statute's amended provisions §§ 216(c) and § 217. Under 29 U.S.C. § 216(c), the "Secretary may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages[.]" Under 29 U.S.C. § 217, the "district courts . . . shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding payment of minimum wages or overtime compensation found by the court to be due to the employees under this chapter[.]"

First, there is no dispute between the parties that the Secretary of Labor, acting on behalf of the United States Department of Labor, is a "governmental unit" as defined by the statute. Second, "the Secretary is not seeking the *enforcement* of a judgment, but the entry of judgment against defendant," a distinction that puts the exception on the table. *See Solis v. Makozy*, No. 09-01265, 2012 WL 1458232, at *2 (W.D. Pa. Apr. 27, 2012) ("*Makozy*") (emphasis in original) (discussing legislative history of 11 U.S.C. § 362(b)(4)).

The Third Circuit applies two "overlapping" and "complementary" tests to determine whether the governmental unit's action advances the unit's "police or regulatory power" such that the exception to the automatic stay would be triggered. In that regard, "courts have applied . . . the pecuniary purpose test and the public policy test." *In re Nortel,* 669 F.3d 128, 139 (3d Cir. 2011). The pecuniary purpose test focuses on "whether the government primarily seeks to protect a pecuniary governmental interest in the debtor's property, as opposed to protecting the public safety and health." *Id.* The public policy test "asks whether the government is effecting public policy rather than adjudicating private rights," which analyzes whether the action's primary purpose is to "promote public safety and welfare or to effectuate public policy." *Id.* at 140.

Defendants argue that "the Secretary's claims against Holland are not covered by the police power exception to the automatic stay because they seek primarily to protect the private rights . . . of certain individuals." (ECF No. 253, at 1.) As support for their position, Defendants accurately note that the "Third Circuit has not addressed whether the police power exception applies to FLSA claims asserted by the Secretary of Labor," and then direct the Court's attention to *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374 (6th Cir. 2001) ("*Hospital Services*"), a case decided by the United States Court of Appeals for the Sixth Circuit. (*Id.* at 4.) In *Hospital Services*, the Sixth Circuit held that the police and regulatory power exception did not apply to a § 216(c) enforcement

3

action brought by the Secretary of Labor for alleged violations of §§ 206, 207, and 215(a). *Hospital Services*, 270 F.3d at 379. Specifically, the Sixth Circuit concluded that "[a] pure § 216(c) suit[, through which the Secretary may seek unpaid overtime and liquidated damages] . . . does no more than ascertain the rights of a private individual and obtain judgment for that individual's benefit[, and thus] is a prime example of a suit by a governmental unit to adjudicate private rights." *Hospital Services*, 270 F.3d at 391. Defendants ask this Court to apply that same reasoning in this case.

On the other hand, the Secretary asserts that this suit is "litigation by a government agency acting under its police and regulatory power," and is thus outside the automatic stay's scope. (ECF No. 252, at 3 (quoting 11 U.S.C. § 362(b)(4)).) In sum, the Secretary argues that the automatic stay does not cover this action and the relief sought because the "government is bringing suit to promote public policy by enforcing a remedial statute." (*Id.*) The Secretary also contends that the remedy sought here relates "principally to the government's public policy interest in the general welfare of the employees[.]" (*Id.* (citing *United States v. Nicolet, Inc.*, 857 F.2d 202, 207 (3d Cir. 1988)).)

With due respect to and regard for the reasoning of our Sixth Circuit appellate colleagues in *Hospital Services*, Defendants' argument to apply the principles of the Sixth Circuit's majority opinion in *Hospital Services* does not carry the day here. In the Court's judgment, the *Hospital Services* analysis of the purposes of FLSA litigation by the Secretary of Labor would in the circumstances present here yield a result that runs contrary to that obtained by the persuasive application of legal principles previously applied by this Court and other courts in this Circuit. And critically, to extend the automatic stay so as to prevent the Secretary from seeking an entry of

4

judgment for back wages and liquidated damages,[2] hand in hand with prospective injunctive relief, all as part and parcel of the Secretary of Labor's enforcement of the FLSA via federal court litigation, would likewise substantially impair the core remedial purposes of the FLSA. Rather, the Court's survey of applicable law from within our Circuit supports the position advanced by the Secretary: that this FLSA enforcement action falls within the police and regulatory exception to the automatic stay. *See Makozy*, 2012 WL 1458232, at *1; *see also In re Iezzi*, 504 B.R. 777, 785 n.8 (E.D. Pa. 2014) (citing *Makozy*, 2012 WL 1458232, at *1) ("[G]overnmental proceedings designed to enforce legal standards imposed upon actors in the economic marketplace have been held to fall within the § 362(b)(4) exception to the automatic stay."). As noted in the Secretary's briefing and as suggested by the Third Circuit, the legislative history of § 362(b)(4) contemplated that the police and regulatory power exception would apply to a "governmental unit . . . attempting to fix damages for violation of [police or regulatory laws]," *In re Nortel*, 669 F.3d at 141, and further, that "the exception extends to permit an injunction and enforcement of an injunction [as well as] to permit the entry of a money judgment." *Makozy*, 2012 WL 1458232, at *2 (quoting S. Rep. No. 95–989 at 49 (1978)).

Moreover, the FLSA's preamble makes plain that it is exactly the type of remedial statute intended to advance public safety and welfare as well as promote a public policy that goes to concerns beyond only the payment of wages earned and payable by statute to one or more discrete individuals: "[T]he underlying and declared purpose of FLSA is to eradicate from interstate commerce conditions detrimental to 'the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Marshall v. Western Union Tel. Co.*,

---

[2] As the Court noted in *Makozy*, the exception to the automatic stay would permit the entry of a judgment in this Court but would nonetheless appear to require its enforcement to occur in the Bankruptcy Court. 2012 WL 1458232, at *4.

621 F.2d 1246, 1250 (3d Cir. 1980) (quoting 29 U.S.C. § 202(a)(1)); *see Williams v. Genex Servs., LLC*, 809 F.3d 103, 104 (4th Cir. 2015) (reasoning that the FLSA's declared purpose is necessarily connected to its enforcement action mechanisms requiring employers to pay "overtime compensation to employees who work more than forty hours during a seven-day work week").[3]

In this Court's judgment, the *Hospital Services* decision accords too little weight to the role and responsibility of the Secretary of Labor in enforcing the provisions of the FLSA by instituting this type of enforcement action in this Court. While it is true that successful litigation by the Secretary will often result in the award of backpay and liquidated damages to workers who had been deprived of legally mandated compensation (and that could be one outcome here), a key purpose of even those lawsuits is to bring a culpable employer into compliance with the FLSA going forward. The award of what may turn out to be sizeable money damages is intended to foster that result. And more than that, the possibility of prospective injunctions and the award of ancillary backpay and liquidated damages serves to deter others from failing to fulfill their wage-payment duties under the FLSA, and to signal to the marketplace the critical importance of employers' compliance with that vital federal statute. As Justice Harlan noted for the Supreme Court in *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288 (1960), the FLSA's enforcement by the Secretary of Labor pursuant to §17 was the means by which "Congress sought to foster a climate in which compliance with the substantive provisions of the [FLSA] would be enhanced." *Id.* at 292.

---

[3] And this line of reasoning has been adopted by other District Courts and by several Bankruptcy Courts. *Acosta v. JM Osaka, Inc.*, No. 17-00559, 2017 WL 11505008, at *2, *3 (E.D. Va. Sept. 15, 2017); *Solis v. SCA Rest. Corp.*, 463 B.R. 248, 257 (E.D.N.Y. 2011); *Chao v. Mexico City Rest., Inc.*, No. 05-00905, 2005 WL 4889254, at *2 (S.D. Ind. Dec. 22, 2005); *Chao v. BDK Indus., L.L.C.*, 296 B.R. 165, 169 (C.D. Ill. 2003); *Martin v. Chambers*, 154 B.R. 664 (E.D. Va. 1992); *Donovan v. Timbers of Woodstock Rest., Inc.*, 19 B.R. 629, 630 (N.D. Ill. 1981). This is also of a kind with the Third Circuit's conclusion that an employment discrimination lawsuit brought on behalf of a discharged employee under Title VII of the Civil Rights Act of 1964 was exempted from the automatic stay by the police and regulatory power exception. *E.E.O.C. v. Hall's Motor Transit Co.*, 789 F. 2d 1011, 1014 (3d Cir. 1986).

Here, the claims for relief in the Secretary's Second Amended Complaint seek more than the award of backpay and liquidated damages, but also seek an equitable judgment pursuant to § 17 permanently enjoining and restraining any future FLSA violations by Defendants. To reduce the goal of this lawsuit and others like it by characterizing it only as a lawsuit seeking to "ascertain the rights of a private individual and obtain judgment for that individual's benefit" and as a "prime example of a suit by a governmental unit to adjudicate private rights," *Hospital Services*, 270 F. 3d at 392, inaccurately minimizes both the litigation role of the Secretary of Labor under the FLSA and the purposes of such litigation in ways that neither the FLSA nor the Bankruptcy Code provide or require.[4]

In *In re Nortel*, the Third Circuit pointed out that "[i]t is unclear whether the government action must meet both [the pecuniary purpose and public policy tests] to fall within the police power exception." 669 F.3d 128, 139 n.12 (3d Cir. 2011). Defendants argue that the Third Circuit, although it has not decided the issue, would likely require that the government action satisfy both the pecuniary purpose and public policy tests.[5] (ECF No. 253, at 3 (quoting *In re Nortel*, 669 F.3d at 140 (citing *Hospital Services*, 270 F.3d at 385)).) Whether the pecuniary purpose and public policy tests are conjunctive, disjunctive, or overlapping is an issue that the Court does not and need

---

[4] In stating those observations, the *Hospital Services* court cited to *Wirtz v. C & P Shoe Corp*., 336 F. 2d 21 (5th Cir. 1964), which recognized that in such litigation, the "Government becomes an active protagonist for the *double purpose* of protecting private interests and vindicating public rights." *Id*. at 30 (emphasis added).

[5] To support Defendants' argument that the government action must meet both the pecuniary purpose and public policy tests for the exception to the stay to apply, they contend that the Third Circuit's "reliance on [*Hospital Services*] and its use of the disjunctive 'or'" as well as the use of the word "either" indicate "that the police power exception is inapplicable unless both tests are met." (ECF No. 253, at 3.) Generally, a test applied disjunctively means that where a test includes two prongs or sections, only a showing of one is required. *Matter of Cardone*, 103 B.R. 504, 504 (D. Del. 1989) (explaining that where a section was "written in the disjunctive," there was "no requirement that both subsections be satisfied."). No matter how Defendants interpret the effect of the words "or" and "either" on the overall construction and application of these tests, the Court ultimately understands Defendants' argument as asserting that the government action needs to satisfy both the pecuniary purpose and public policy tests for the exception to the automatic stay to apply. As the Court explains above, resolving that interpretive question is not necessary here, as in the Court's judgment, both tests are satisfied as to this enforcement action.

not decide because it does not alter the Court's ultimate determination. As noted above, this Court has previously held that an FLSA enforcement action such as this one, where one remedial outcome is the recovery of backpay and liquidated damages on behalf of individual workers falls within the police and regulatory power exception. *See Makozy*, 2012 WL 1458232, at *1. This Court agrees with the reasoning and result reached by Judge Conti in *Makozy*. This is particularly so in that this is not an action in which the Secretary primarily seeks to protect a pecuniary governmental interest in the property of the debtor as opposed to protecting the public's health and safety as expressed in the protections of the FLSA. And while there would be a monetary benefit to workers deprived of earned compensation if the Secretary prevails in this case, the principal role of the Secretary in maintaining this lawsuit is to vindicate the public policy central to the FLSA.

As such, this Court agrees "that FLSA enforcement actions fall within the police and regulatory exception to the automatic stay." *Makozy*, 2012 WL 1458232, at *1. Thus, the Secretary's claims against Holland Acquisitions, Inc. fall within the exception and are not stayed by the corporation's voluntary bankruptcy petition. Because the Court concludes that the Bankruptcy Code's automatic stay does not extend to the Secretary's enforcement action against debtor Holland Acquisitions, Inc., the Court does not and need not determine whether the Code's automatic stay would have also extended to the Secretary's claims against Gaudin had the stay applied as to Holland.[6]

---

[6] Defendants argue that the Court should stay the Secretary's claims against individual Defendant Mr. Bryan Gaudin because the automatic stay may extend to a non-debtor in select situations: (1) "where the debtor may be said to be the real party defendant and when a judgment against the third-party defendant will be in effect a judgment or finding against the debtor"; or (2) where "a debtor and non-debtor are so bound by statute or contract that the liability of the non-debtor is imputed to the debtor by operation of law." (ECF No. 253, at 6 (internal quotation marks omitted) (first referring to decisions by the Tenth and Fifth Circuits and then referring to decisions by the Fourth Circuit and U.S. District Court for Northern District of Texas for support).) As stated above, the Court concludes that the automatic stay does not extend to the Secretary's enforcement action against debtor Holland Acquisitions, Inc., and as such, Defendants request to extend the stay to Gaudin is moot.

### III.     CONCLUSION

Because the Secretary's claims against Defendant Holland Acquisitions, Inc. fall within the scope of 11 U.S.C. § 362(b)(4)'s police and regulatory power exception, the automatic stay does not halt the proceedings in this Court. The Court denies Defendants' Suggestion of Bankruptcy (ECF No. 250) and concludes that the proceedings in this Court will continue in due course as to both Defendants.

 s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Date:   March 18, 2021
cc:     All counsel of record